UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMILLAH W. JONES, individually and as guardian ad litem for Minor plaintiff D.C., <br><br>Plaintiff, <br><br>v. <br><br>UNITED PARCEL SERVICE, INC., dba UPS, and DOES 1-5 inclusive, <br><br>Defendants. | 2:07-cv-285-GEB-EFB <br><br> <u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE</u> |

     The February 12, 2007, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for April 23, 2007, and required the parties to file a joint status report no later than fourteen days prior to the scheduling conference. The Order further required that a status report be filed regardless of whether a joint report could be procured. A status report was not timely filed as ordered.

     The parties are Ordered to Show Cause (OSC) no later than 4:00 p.m. on June 4, 2007, why sanctions should not be imposed under Rule 16(f) of the Federal Rules of Civil Procedure against counsel and/or the parties for the failure to file a timely status report, as

1

1  ordered.  The written response shall state whether a hearing is
2  requested on the OSC.[1]  If a hearing is requested, it will be held on
3  June 18, 2007 at 9:00 a.m., just prior to the status conference, which
4  is rescheduled to that date.  In accordance with the requirements set
5  forth in the February 12, 2007 Order, the parties are to file a joint
6  status report no later than fourteen days prior to the status
7  conference.

8          IT IS SO ORDERED.

9  Dated:  April 11, 2007

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).